UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

    LIEN APPEAL

                              Case No. 06-10641

DIANE RENEE STEWART,

                              Honorable Denise Page Hood

    Appellant,

v.

SHERMAN & SALKOW, P.C.,

    Appellee.
_____/

**MEMORANDUM OPINION AND ORDER
REGARDING DIANE RENEE STEWART LIEN APPEAL**

**I.    BACKGROUND**

This matter is before the Court on an appeal filed by Claimant Diane Renee Stewart from the Lien Judge's December 7, 2005 decision, amended January 11, 2006, awarding attorney fees to Claimant's former counsel, Sherman, Salkow, & Newkirk, P.C.[1] ("Sherman firm"). Claimant submitted a one-page letter dated January 10, 2006, filed February 14, 2006, seeking to appeal the Lien Judge's decision. (Doc. 1) Since the letter was dated January 10, 2006, the Court assumes Claimant was seeking to appeal the December 7, 2005 decision. The documents later submitted by Claimant included the Amended January 11, 2006 decision. The Court construes Claimant's appeal as an appeal from the Amended January 11, 2006 decision.

Pursuant to the Court's Scheduling Order a hearing was set for December 15, 2006. The hearing did not proceed since Claimant at that time had not yet filed her papers as ordered by the

---

[1] The firm's correspondences to the Court indicates that the firm's name is currently Sherman & Salkow.

Court. Claimant eventually submitted the documents to support her request on April 11, 2007 and the Sherman firm also submitted letters and documents to the Court. The parties waived oral arguments.

## II.     ANALYSIS

### A.     Jurisdiction/Standard of Review

The Court has subject matter jurisdiction over the post-confirmation lien appeal pursuant to 28 U.S.C. § 1334(b) because the Lien Judge's decision could conceivably have an effect on the estate being administered in bankruptcy. *See In re Wolverine Radio Co.,* 930 F.2d 1132, 1141 (6th Cir. 1991); *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002). The Court retains jurisdiction to interpret and enforce confirmed plans of reorganization. *See In re Thickstun Bros. Equip. Co., Inc.,* 344 B.R. 515, 522 (6th Cir. B.A.P. 2006); *In re Beta Int'l, Inc.,* 210 B.R. 279, 284 (E.D. Mich. 1996). The Amended Joint Plan of Reorganization ("Plan") provides that the Court has the authority to resolve controversies and disputes regarding the interpretation of the Plan and Plan Documents, which includes the Settlement Facility and Fund Distribution Agreement ("SFA") *See* Amended Joint Plan, § 8.7.3; SFA, §§ 4.01 and 10.09. The Court reviews *de novo* the Lien Judge's findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1).

The June 30, 2005 Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens Against Settling Implant Claimants ("Lien Review Procedures") provide that a "party may appeal the decision of the Lien Judge by filing a Notice of Appeal with the District Court within 14 days of the date of the notice from the SF-DCT providing the decision of the Lien Judge." (Lien Review Procedures, § 7.01) Claimant timely filed her Notice of Appeal.

### B.     Lien Judge's Decision

The Lien Judge, after reviewing the documents and arguments submitted by the parties, issued his ruling on December 5, 2005, amended January 11, 2006. On August 5, 2005, the Settlement Facility-Dow Corning Trust ("SF-DCT") received a Proof of Lien Form from the firm, asserting liens in the amount of $12,157.58 against any settlement funds to be received by Claimant from the Sf-DCT. Claimant objected to the lien before the SF-DCT. The Lien Judge, Frank Andrews, issued his decision on December 7, 2005, which was amended on January 11, 2006. In his amended decision, the Lien Judge found that the Sherman firm was retained by Claimant on August 6, 1993. As part of this representation, the Sherman firm filed a law suit in California in order to obtain the Claimant's medical records. The Sherman firm prepared a claim form package to be submitted to the SF-DCT on behalf of Claimant and forwarded the package to Claimant for her review. Rather than returning the package to the firm, Claimant filed the package directly with the SF-DCT in July 2003. The Lien Judge found that the Sherman firm's lien was valid as to any award for an ANDS Level "B" disease claim and should be honored by the SF-DCT. The Lien Judge noted that if the SF-DCT approves a disease claim at a higher level, the attorney fees that would be attributable to the difference between Level "B" and Level "A" should not be subject to attorney fees. As to the requested costs, the Lien Judge found that the Sherman firm's request for $2,783.98 failed since no itemized ledger was submitted with the firm's request. The Lien Judge concluded that under the circumstances, the Sherman firm substantially performed its obligation to Claimant and that its asserted lien should be honored. (Stewart Appeal Ex.)

Claimant argues that she represented herself and that she submitted all the necessary documentation to the SF-DCT. Claimant indicates that she has not presented her disease claim because of her ongoing health problems and recent surgery and diagnoses. (Doc. No. 7-2)

3

In response, the Sherman Firm argues that in addition to the attorney fees, it is entitled to the costs in the amount of $2,783.98.  The Sherman Firm submitted the ledger evidencing the costs with its letters to the Court.  There is no indication from the record that the Lien Judge addressed the costs issue after the Lien Judge's January 11, 2006 decision.

The Lien Review Procedures apply to disputes between claimants who have been determined to be eligible and have been paid by the SF-DCT and persons or entities who assert the right to receive a portion of the payments to the claimants from the SF-DCT.  (Lien Review Procedures, § 1.01)   Section 6.05 of the Lien Review Procedures provides that all expenses incurred sought to be recovered must be reasonable in relation to the work performed and the result obtained.  (Lien Review Procedures, § 6.05) Allowable expenses incurred by an attorney who is an Alleged Lienholder are set forth in the Claimant Information Guide for Class 5 Breast Implant Claims and the Agreed Order Adopting Q&A's Regarding Article IX of Annex A, The Claims Resolution Procedures, July 22, 2004.  (Lien Review Procedures, § 6.05)

Upon a *de novo* review of the Lien Judge's decision and the documents submitted by the parties, the Court agrees with the Lien Judge that the Sherman firm is entitled to the attorney fees requested should Claimant receive an award for an ANDS Level "B" disease claim but that attorney fees should not be paid for the difference between a Level "B" and Level "A" disease claim should Claimant receive an award for the higher level.  The Sherman firm was instrumental in obtaining Claimant's medical records in order for Claimant to submit a claim package to the SF-DCT.  As noted by the Lien Judge and as acknowledged by Claimant, there is currently no disease claim pending before the SF-DCT, Claimant having withdrawn the disease claim for review.  No attorney fee award is pending at this time.

As to the costs requested by the Sherman firm which the Lien Judge found were not properly supported, the requested amount is not properly before the Court since there is no indication that the Lien Judge has reviewed the late submission by the Sherman firm. The Sherman firm may submit the appropriate paperwork before the SF-DCT in accordance with the Plan and the Lien Review Procedures, if the procedures so provide. The Lien Judge may review the submission if such a re-review is allowed under the Plan and the Lien Review Procedures.

### III.     CONCLUSION

For the reasons set forth above, the Court finds that the Sherman firm is entitled to be paid for the attorney fees if the SF-DCT approves Claimant's disease claim at ANDS Level "B" only. If the SF-DCT approves a higher disease level claim, the Sherman firm is not entitled to any fees attributable to the difference between the Level "B" and Level "A" fees.

Accordingly,

IT IS ORDERED that Lien Appeal, Case No. 06-11221, is DENIED and DISMISSED. The Lien Judge's Decision is AFFIRMED.

                                               /s/  *Denise Page Hood*
                                               DENISE PAGE HOOD
                                               United States District Judge

DATED: March 31, 2009

_____

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 31, 2009, by electronic means and/or first class U.S. mail.

                                               S/Sakne Srour
                                               Deputy Clerk